MRS. HUGH MCGAUGHEY v. THE STATE.

No. 16285.  Delivered November 22, 1933.
Rehearing Denied December 20, 1933.
Reported in 64 S. W. (2d) 777.

The opinion states the case.

*F. L. Kuykendall,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is simple assault; penalty assessed at a fine of ten dollars.

It is charged that the appellant committed an aggravated assault and battery upon the person of Jewel Boyd by going into the house of a private family, to-wit: that of Jewel Boyd and his wife, Lela Boyd, and then and there committed an assault and battery upon the person of Jewel Boyd, by striking him and pulling his hair. See P. C., article 1147.

The evidence heard in the trial court is not brought up for review.

A jury was waived and the trial was had before the court upon a plea of not guilty.

In bill of exception No. 1 the contention is advanced that there is a material variance in that the evidence showed that the assault took place at the home of Jewel Boyd; that it occurred in the yard instead of in the house as averred in the complaint. The trial court does not verify this statement of fact. However, we are aware of no principle or precedent which would sustain the contention that the alleged fact would constitute a material variance in view of the verdict reducing the offense to simple assault. The same point in like manner is presented in Bill No. 2.

Bill No. 3 reflects the appellant's complaint of the ruling of the court in receiving in evidence the declaration of the witness, Margaret Robison. The absence of the statement of facts renders it impossible for this court to appraise the complaint in the bill.

Bill No. 4 likewise relates to the ruling of the court in the reception of evidence. The complaint cannot be sustained for the reason heretofore indicated that this court is without knowledge of the facts that were before the trial judge.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant concedes that our original opinion is correct save as it relates to bill of exception number four. According to the recitals in the bill Doyle Newcomb was a state's witness. What his evidence was on the trial is not shown in the bill, and without a statement of facts we have no information on the subject. The bill in question reflects that the witness was asked if he was not prejudiced against appellant and was anxious to see her convicted, which witness answered in the negative. He was then asked a question which if answered as expected would have shown that the wife of witness had recently been involved in a quarrel with a daughter of appellant, which resulted in witness' wife having unkind

feeling towards appellant's daughter and family. We think this situation too problematical to say that it affected the animus of the witness, and hence the authorities cited upon that subject are not applicable. In any event, this court could not undertake to guess at the probable effect of a ruling of the trial court which might even appear to have been erroneous without knowing something of the facts regarding the offense of which appellant was convicted.

The motion for rehearing is overruled.

*Overruled.*